UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICIA POTTER and WILLIAM H. POTTER,<br><br>          Plaintiffs,<br><br>     v.<br><br>AMERICAN FAMILY INSURANCE,<br><br>          Defendant. | CASE NO. C16-5406BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant American Family Insurance's ("American Family") motion for summary judgment re measure of damages (Dkt. 14). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On May 26, 2016, Plaintiffs Patricia and William Potter ("Potters") filed a complaint against American Family asserting ten causes of action including bad faith

ORDER - 1

insurance practices and violations of Washington's Insurance Fair Conduct Act ("IFCA") and Consumer Protection Act ("CPA"). Dkt. 1.

On October 27, 2016, American Family moved for summary judgment on damages. Dkt. 14. On November 14, 2016, the Potters responded. Dkt. 16. On November 18, 2016, American Family replied and moved to strike evidence the Potters submitted regarding settlement offers. Dkt. 18.[1]

## II. FACTUAL BACKGROUND

This case stems from Mrs. Potter's insurance claim. American Family issued the Potters an automobile insurance policy with coverage for underinsured motorists. Dkt. 17, Declaration of Sok-Khieng Lim, ¶ 3. On June 1, 2014, an uninsured motorist struck Mrs. Potter's car inflicting a severe head injury. *Id.*, ¶ 2.

On June 15, 2015, the Potters sent American Family a policy limit demand of $100,000. *Id.*, ¶ 4. On August 31, 2015, American Family counter offered a lower amount, and the Potters initiated arbitration. *Id.*, ¶¶ 5, 6. On February 29, 2016, the arbitrator awarded the Potters $130,259.41. *Id.*, ¶ 10. American Family issued a check to the Potters for the policy limit of $100,000. *Id*. This suit followed.

## III. DISCUSSION

A. **Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material

---

[1] The Court grants the motion to strike because the evidence is not relevant to the merits of the motion.

ORDER - 2

fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,

nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     "Actual Damages"**

American Family's motion raises issues that have been addressed by other judges in this district. In *Morella v. Safeco Ins. Co. of Illinois*, C12-0672RSL, 2013 WL 1562032, (W.D. Wash. Apr. 12, 2013), the court certified the following question;

> How are "actual damages" calculated or defined under the Insurance Fair Conduct Act (RCW 48.30.015) where, as in this case, the insured obtained a $62,000 arbitration award in his favor prior to initiating the IFCA action in state court?

*Id*. at *5. The question was never accepted for consideration because the case settled.

In *Schreib v. Am. Family Mut. Ins. Co.*, 129 F. Supp. 3d 1129 (W.D. Wash. 2015), the court recognized *Morella* and ruled on a similar but slightly different question. The court stated that, "[n]otwithstanding the parties' dispute over the proper definition of actual damages, a flawed understanding—or outright omission—of proximate causation analysis is the dispositive issue underlying Ms. Schreib's effort to count the arbitration award as an actual damage." *Schreib*, 129 F. Supp. 3d at 1136–37. The court continued its analysis by distinguishing between the definition of "actual damages" as opposed to what Mrs. Schrieb must prove as "actual damages." The court found that the arbitration award represented the damages as a result of the accident and that Mrs. Schreib would have to prove damages as a result of the allegations supporting the extra-contractual claims. *Id*. at 1137. For example, damages resulting from an unreasonable denial of benefits under IFCA could be, but are not necessarily identical to, damages resulting

1    from the accident.  Thus, Mrs. Schreib was allowed to prove all possible damages despite

2    the arbitration award.  *Id*.

3      In this case, the Court finds no reason to modify an identical opinion on an

4    identical motion.  To the extent that American Family seeks a ruling on what the Potters

5    must prove as actual damages under IFCA, they are "entitled to prove at trial that

6    American Family's alleged IFCA violation proximately caused [them] actual damages,

7    and will not be limited by those described in the arbitration award." *Id*. at 1137.  To the

8    extent the parties seek a definition of actual damages under IFCA, that issue is beyond

9    the scope of this motion and would most likely be certified to the Washington Supreme

10   Court if raised in a properly filed motion.  Similarly, to the extent American Family seeks

11   a ruling on what the Potters must prove as actual damages under the CPA and the tort of

12   bad faith, the Potters are not limited to the award. *Id*. at 1138–39.

13   **C.     "Emotional Distress"**

14     In *Schreib*, the court held that emotional distress damages were not recoverable

15   under IFCA.  Specifically, the court provided as follows:

16   > IFCA proscribes "unreasonable" denials of coverage or benefits. *See generally* RCW 48.30.015. "When a person acts 'unreasonably' in light of
17   > the circumstances such action is similar to negligence, not an intentional tort." [*White River Estates v. Hiltbruner*, 134 Wn.2d 761, 953 P.2d 796,
18   > 798, 799 (1998) (en banc)]. Because IFCA's language is ambiguous as to emotional damages and it sounds in negligence, the court concludes it
19   > excludes the availability of emotional damages as "actual damages." Accordingly, summary judgment is appropriate with respect to that aspect
20   > of Ms. Schreib's IFCA claim.

21   *Id*. at 1141.  The Court agrees with and adopts this reasoning.  Accordingly, the Court

22   grants American Family's motion on this issue.

ORDER - 5

### D.     "Attorney's Fees"

American Family moves for summary judgment on the issue of whether attorney's fees and costs are recoverable under IFCA and the CPA.  Dkt. 14 at 18–19.  In *Schreib*, the court held that, "[b]ecause the term 'actual damages,' as used in IFCA and the CPA, does not include attorneys' fees or other litigation costs, summary judgment is appropriate with respect to that aspect of Ms. Schreib's IFCA claim." *Schreib*, 129 F. Supp. 3d at 1141.  The Potters contend that IFCA is a remedial statute and American Family should be responsible for every dollar it forced the Potters to spend in pursuing this action.  Dkt. 16 at 24.  While the Potters may ultimately be correct, their argument does not conflict with the holding that costs of suit are "separate and distinct" from actual damages. *Schreib*, 129 F. Supp. 3d at 1141.  Accordingly, the Court grants American Family's motion on this issue.

## IV. ORDER

Therefore, it is hereby **ORDERED** that American Family's motion for summary judgment re measure of damages (Dkt. 14) is **GRANTED**.

Dated this 20th day of December, 2016.

BENJAMIN H. SETTLE
United States District Judge