UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICIA POTTER and WILLIAM H.
POTTER,

Plaintiffs,

v.

AMERICAN FAMILY INSURANCE,

Defendant.

CASE NO. C16-5406BHS

ORDER DENYING PLAINTIFFS'
MOTION TO CERTIFY
QUESTION TO SUPREME
COURT OF WASHINGTON

This matter comes before the Court on Plaintiffs Patricia and William Potter's

("Potters") motion to certify question to the Supreme Court of Washington (Dkt. 23). The

Court has considered the pleadings filed in support of and in opposition to the motion and

the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On May 26, 2016, the Potters filed a complaint against Defendant American

Family Insurance ("American Family") asserting ten causes of action including bad faith

insurance practices and violations of Washington's Insurance Fair Conduct Act ("IFCA")

and Consumer Protection Act ("CPA").  Dkt. 1.

ORDER - 1

On October 27, 2016, American Family moved for summary judgment on damages.  Dkt. 14.  On December 20, 2016, the Court denied the motion, but recognized that some issues in this case may be certified to the Supreme Court of Washington.  Dkt. 19.

On January 13, 2017, the Potters filed the instant motion.  Dkt. 23.  On January 30, 2017, American Family responded, Dkt. 27, and, the next day, it filed a corrected brief, Dkt. 29.  On February 2, 2017, the Potters replied.  Dkt. 30.  On February 2, 2017, the Potters replied and filed a copy of *Perez-Crisantos v. State Farm Fire & Cas. Co.*, 92267-5, 2017 WL 448991 (Wash. Feb. 2, 2017).  On February 7, 2017, the Potters filed a supplemental brief.  Dkt. 32.

## II. FACTUAL BACKGROUND

This case stems from Mrs. Potter's insurance claim.  American Family issued the Potters an automobile insurance policy with coverage for underinsured motorists.  Dkt. 17, Declaration of Sok-Khieng Lim, ¶ 3.   On June 1, 2014, an uninsured motorist struck Mrs. Potter's car inflicting a severe head injury.  *Id.*, ¶ 2.

On June 15, 2015, the Potters sent American Family a policy limit demand of $100,000.  *Id.*, ¶ 4.  On August 31, 2015, American Family counter offered a lower amount, and the Potters initiated arbitration.  *Id.*, ¶¶ 5, 6.  On February 29, 2016, the arbitrator awarded the Potters $130,259.41.  *Id.*, ¶ 10.  American Family issued a check to the Potters for the policy limit of $100,000.  *Id.*  This suit followed.

**III. DISCUSSION**

Under the Washington statutes, a federal court may certify certain questions to the Supreme Court of Washington as follows:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

RCW 2.60.020.

In this case, the Potters have failed to show that the resolution of actual damages under the IFCA is necessary to "dispose" of this proceeding. In *Bauman v. Am. Commerce Ins. Co.*, C15-1909 BJR (W.D. Wash. Feb. 14, 2017), the court recognized that Washington courts have differed on the interpretation of "actual damages" under the IFCA, but resolution of these differing opinions would not dispose of the proceeding. The court concluded that "[d]amages are, by definition, dependent on a finding of liability and hence not dispositive of a proceeding." *Id.* at 2. The Potters' case is similar to *Bauman* in that unanswered questions exist, but it is unclear whether answers to these questions would dispose of the proceeding as opposed to merely providing additional guidance on one aspect of the proceeding. Accordingly, the Court denies the motion to certify at this time.

American Family argues the merits of the Potters' IFCA claim asserting that it is subject to dismissal. The Court agrees with American Family "that IFCA does not create an independent cause of action for regulatory violations." *Perez-Crisantos*, 2017 WL

448991, at *7.  It seems, however, that American Family is incorrect in asserting that "[i]t is well established that IFCA claims require a denial of coverage."  Dkt. 29-1 at 13.  For example, the IFCA authorizes causes of action for "[a]ny first party claimant to a policy of insurance who is unreasonably denied a claim for coverage *or payment of benefits* by an insurer . . . ."  RCW 48.30.015 (emphasis added).  American Family appears to ignore the latter part of the disjunctive phrase in the operative statute.  The Court expects the parties to address this issue in a properly filed dispositive motion.  Moreover, the Court also expects the parties to address the Potters' actual damages for American Family's alleged IFCA violation.  While the Court held that the Potters were not limited to the arbitration award, Dkt. 19 at 5, the Court and the parties can avoid problems during trial if the type, category, and/or amount of actual damages are known well in advance of trial.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the Potters' motion to certify question to the Supreme Court of Washington (Dkt. 23) is **DENIED**.

Dated this 28th day of February, 2017.

BENJAMIN H. SETTLE
United States District Judge