UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICIA POTTER and WILLIAM POTTER,

Plaintiffs,

v.

AMERICAN FAMILY INSURANCE,

Defendant.

CASE NO. C16-5406 BHS

ORDER DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

This matter comes before the Court on American Family Insurance's ("American Family") motion for a protective order (Dkt. 34). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On May 26, 2016, Plaintiffs Patricia and William Potter ("Potters") filed a complaint against American Family asserting ten causes of action including bad faith insurance practices and violations of Washington's Insurance Fair Conduct Act ("IFCA") and Consumer Protection Act ("CPA"). Dkt. 1.

At some point, the Potters requested discovery from American Family.  On March 6, 2017, American Family filed the instant motion requesting a protective order declaring that (1) any document generated after the Potters requested arbitration is privileged and (2) its claims manuals and training materials are proprietary.  Dkt. 34.  On March 14, 2017, the Potters responded.  Dkt. 36.  On March 17, 2017, American Family replied.  Dkt. 38.

## II. DISCUSSION

American Family's conduct in this case is inexplicable.  While its arguments may have some basis in precedent, its actions contravene the procedural rules of discovery.

**A.   Privilege**

A party may withhold privileged documents, but they **must** produce a privilege log expressly asserting the claim of privilege and describing the nature of the document withheld.  Fed. R. Civ. P. 26(B)(5).

In this case, there is no dispute that American Family has failed to produce a privilege log.  Instead, American Family makes assertions that every single document responsive to the Potters' requests and generated after the Potters requested arbitration is subject to privilege.  This may or may not be true, but the only proper and procedurally correct way to determine the truthfulness of the assertions is to produce the mandatory privilege log.  If, after producing the privilege log, the assertion is not correct, then American Family may be subject to sanctions for wasting the Potters and the Court's time and resources.  Therefore, the Court denies the motion on this issue for failure to abide by the rules of procedure.

**B.     Proprietary Information**

A party may move for a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . ." Fed. R. Civ. P. 26(c)(1)(G). To obtain a protective order, the moving party must make a clear showing of a particular and specific need for the order. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). In the case of trade secrets, the moving party must show (a) that the information is a "trade secret or other confidential research, development, or commercial information," under Rule 26(c)(7) and (b) that its disclosure would be harmful to the party's interest in the property. *Centurion Indus., Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323, 325 (10th Cir. 1981).

In this case, American Family has failed to meet its burden to show that specific information qualifies as a trade secret. Instead, American Family provides a broad assertion that everything contained in their training materials and claims manuals is subject to protection as a trade secret. They have failed to make such a specific showing as to the entire scope of the requested materials. Unfortunately for American Family, it is well-established that the "fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir.1999) (internal citations omitted). The burden is on American family to overcome this presumption even if it would be burdensome to do so. *See* Dkt. 34 at 13 ("To review each document and digital item to extract examples of proprietary information takes great time and effort on the part of American Family.").

Therefore, the Court denies American Family's motion for a protective order because it relies on generalities instead of specific factual information.

### III. ORDER

It is hereby **ORDERED** that American Family's motion for a protective order (Dkt. 34) is **DENIED**.

Dated this 2nd day of May, 2017.

BENJAMIN H. SETTLE
United States District Judge