UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICIA POTTER and WILLIAM H. POTTER,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN FAMILY INSURANCE,<br><br>Defendant. | CASE NO. C16-5406 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant American Family Insurance's ("American Family") motion to dismiss extra contractual claims (Dkt. 48). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On May 26, 2016, Plaintiffs Patricia and William Potter ("Potters") filed a complaint against American Family asserting ten causes of action including bad faith insurance practices and violations of Washington's Insurance Fair Conduct Act ("IFCA") and Consumer Protection Act ("CPA"). Dkt. 1.

On April 20, 2017, American Family filed a motion to dismiss extra contractual claims. Dkt. 41. On May 8, 2017, the Potters responded. Dkt. 46. On May 12, 2017, American Family replied. Dkt. 48. On May 15, 2017, the Potters filed a surreply. Dkt. 50.

## II. FACTUAL BACKGROUND

On June 1, 2014, Mrs. Potter was involved in an automobile accident. On June 4, 2015, the Potters' attorney submitted a claim to American Family. On August 31, 2015, American Family offered $46,701.19 to settle the claim. The Potters declined the offer and requested arbitration. On February 29, 2016, the arbitrator awarded the Potters $130,259.41. This action followed.

## III. DISCUSSION

**A.    Motion to Strike**

In one of many inaccurate statements made to the Court, American Family asserts that "[i]n response to American Family's motion, the Potters rely solely on the testimony of Robert Dietz." Dkt. 48 at 9. Contrary to American Family's assertion, the Potters submitted over 80 pages of exhibits only some of which was Mr. Dietz's expert report. *See* Dkt. 47-1. Regardless, American Family moves to strike Mr. Dietz's report in its entirety because it includes improper conclusions of law. Dkt. 48 at 10–11. While American Family is correct that an expert may not provide legal opinions, an expert may opine on the subject of whether an insurance company's actions fell below industry standards even if those standards are state regulations. *See Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) ("[the expert's] references to California

statutory provisions—none of which were directly at issue in the case—were ancillary to the ultimate issue of bad faith."). Therefore, the Court denies American Family's motion to strike Mr. Dietz's report.

**B.    Motion to Dismiss**

As an initial matter on this motion, American Family fails to provide any standard of review to assist in the Court's evaluation of its motion. At this point of the proceeding, it is unusual to file a motion to dismiss because most dispositive motions are for judgment on the pleadings or for summary judgment. Because American Family submitted evidence in support of its motion and the Potters submitted evidence in support of their response, the Court will convert the motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d).

**1.    Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt").

*See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**2. Claims**

American Family's arguments to dismiss the Potters' IFCA claim are based on an incorrect interpretation of the law. First, American Family contends that "[w]ithout an actual denial of coverage, an IFCA suit cannot survive." Dkt. 48 at 3. The Court has already rejected this argument because an IFCA claim may be based on an unreasonable

denial of payment of benefits.  *See* Dkt. 33 at 4.  Therefore, the Court denies American Family's motion on the Potters' IFCA claim.

Second, American Family argues that "[a] reasonable valuation [of a claim] is a complete defense to an IFCA claim."  Dkt. 41 at 10.  American Family cites no authority for this proposition, and, even if this was the law, the Court must view the facts in the light most favorable to the Potters at this stage of the proceeding.  Instead, American Family cites a litany of authorities addressing claims for bad faith, which is a tort separate from an IFCA claim.  *See id.*  The proper standard under IFCA is that "[d]isparity between an offer and an arbitration award alone does not establish a violation of [IFCA]." *Perez-Crisantos v. State Farm Fire & Cas. Co.*, 187 Wn.2d 669, 684 (2017) (citing *Am. Mfrs. Mut. Ins. Co. v. Osborn*, 104 Wash.App. 686, 701, 17 P.3d 1229 (2001)).  "There has to be something more."  *Id*.

Viewing the facts in the light most favorable to the Potters, they have shown both a disparity in American Family's offer and the arbitration award and something more.  American Family's internal documents show that some of their agents and/or employees valued the claim at an amount almost twice what was offered.  Moreover, Mr. Dietz opines that American Family's handling of the Potters' claim fell below the industry standards and that the low offer may have been improperly deflated based on internal incentive programs.   Therefore, the Court denies American Family's motion on the Potter's IFCA claim because material questions of fact exist for trial.

Regarding the bad faith claim and the CPA claim, the same evidence establishes similar material questions of fact on these claims. Therefore, the Court denies American Family's motion on these claims as well.

Finally, American Family argues that the Potters have failed to show damages caused by the alleged unreasonable claim handling. Dkt. 41 at 23. Contrary to American Family's position, the Potters have submitted evidence to support damages as follows:

> The Potters were forced to use credit card and take loans to cover their day to day expenses, with interest. They had to rent a replacement vehicle to keep up with their personal business, but even with that, they lost business by having to cut down on the number of farmers' markets they appeared at. And due to her injuries, Mrs. Potter was not able to help with the plants, causing loss of plant inventory. She tried all she could to mitigate these damages, even attempting to go back to school.

Dkt. 46 at 20. Therefore, the Court denies American Family's motion on the issue of damages because the Potters have submitted sufficient evidence to create material questions of fact.

## IV. ORDER

Therefore, it is hereby **ORDERED** that American Family's motion to dismiss (Dkt. 41) is **DENIED**.

Dated this 7th day of June, 2017.

BENJAMIN H. SETTLE
United States District Judge